UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELLEY KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. 1:19-cv-03289-JMS-DLP |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Shelley King, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging a prison disciplinary conviction in case number CIC 19-02-0234. For the reasons explained below, the petition is **denied**.

## I.
## LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On February 20, 2019, Mr. King signed a document titled Offender Tablet User Agreement ("the Agreement"). Dkt. 8-3. By signing the Agreement, Mr. King indicated that he understood, acknowledged, and agreed to the following terms:

1. Tablets will be utilized only to correspond with family, friends and staff, recreational use (music, movies, games, etc.) and educational purposes.

2. At no time will the tablet be taken off of the offender's assigned housing unit.

3. At no time shall the user possess another offender's tablet.

4. At no time shall the user delete or attempt to delete any table system file(s) or any files belonging to other offender users.

5. At no time shall the user corrupt or attempt to corrupt any files on the tablet.

6. The user shall not attempt to install or use any equipment, lines, cable, disks, or software on the tablet.

7. The user will not give his username and password to another offender.

8. The user will not use another offender's username and password to access others (sic) tablet.

9. The user will be responsible for anything found on their tablet.

10. The user will abide by all Indiana Department of Correction and Correctional Industrial Facility policies and procedures for offender use of computers.

11. All printing will be completed by an <u>Authorized Staff person only</u>. A request for print form will be filled out and will be billed to your account. Your account balance will be checked prior to each print job.

12. I[t] is the offenders (sic) responsibility to immediately report any damage or theft of tablet to staff.

13. The tablets **are not** to be used in the dayrooms or common areas, <u>ONLY IN YOUR ASSIGNED ROOM</u>.

*Id.* Mr. King acknowledged that "[a]ny violations of this Agreement can result in you receiving a Report of Conduct for a Class B Code 207 Infraction—Unauthorized Use or Possession of an Electronic Device." *Id.*

On February 21, 2019, IDOC Intelligence Analyst Kylie Worthman wrote a Report of Conduct, charging Mr. King with a violation of IDOC Adult Disciplinary Code B-207 possession of an electronic device. Dkt. 8-1. The Report of Conduct states:

> On February 21, 2019 at 8:51 AM I, Intelligence Analyst Kylie Worthman, reviewed a GTL detail report for a time frame of 01/01/2019 – 02/19/2019 for a search of MAC address B0F1EC4BCAC8 which is assigned to the tablet belonging to Offender Shelley King #222043 (17B-1D). The report shows that the tablet was utilized to log in under Offender Nydarian Jordan #223776 (2A-5C) PIN to call phone number 317-506-5998 on 01/01/19 and 01/02/19. Offenders are not permitted to share their tablets to access another offender's phone list or have another make calls off of their tablet without prior authorization. Offender King did not have prior approval to allow Offender Jordan to access his tablet to conduct any phone calls from Offender Jordan's phone list.

*Id.*

Mr. King was notified of this charge on February 25, 2019, when he received a copy of the screening report. Dkt. 8-4. He pleaded not guilty and did not request to present any witnesses or evidence. *Id.* The matter proceeded to a disciplinary hearing on March 4, 2019. Dkt. 8-6. Mr. King told the disciplinary hearing officer, "I didn't authorize anybody to use my tablet. I never permitted it." *Id.* The disciplinary hearing officer considered Mr. King's statement, the Report of Conduct, the GTL detail report, and the Agreement and found him guilty. *Id.* Mr. King received a 38-day deprivation of earned credit time. *Id.*

Mr. King appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 8-7, 8-8, 8-9. These appeals were denied. *Id.* Mr. King then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## III.
## DISCUSSION

Mr. King alleges that his due process rights were violated in the disciplinary proceeding. His claims are: 1) he should not have been found guilty of the charge because the facility gave him a tablet; 2) the sanctions imposed were improper; 3) he never possessed anything; and 4) he was improperly denied visitation rights.

### A. Sufficiency of the Evidence

Grounds one and three assert there is insufficient evidence to support Mr. King's disciplinary conviction because there is no evidence that Mr. King possessed another offender's tablet. Mr. King argues that he never possessed another offender's tablet and that the other offender used the telephone on Mr. King's tablet by mistake. These arguments imply that Mr. King did not violate the Agreement or IDOC Adult Disciplinary Code B-207 by allowing Mr. Jordan to use his tablet, knowingly or unknowingly. The Court will discuss these grounds together.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

At first blush, the Agreement does not appear to prohibit Mr. King from allowing another offender to use his tablet. The Agreement prohibits Mr. King from possessing another offender's tablet (*see* dkt 8-3, para. 3), giving his username and password to another offender (*see* dkt. 8-3, para. 7), and using another offender's username and password to access another

4

offender's tablet (*see* dkt. 8-3, para. 8). Mr. King's conduct does not fit any of these prohibitions or any other prohibition specifically enumerated in the Agreement. Instead, Mr. Jordan used his own username and password to access Mr. King's tablet. While Mr. Jordan's conduct is explicitly prohibited by the Agreement, Mr. King's acquiescence to the use of his tablet by another offender is not.

Nevertheless, the Seventh Circuit recently held that district courts may not interpret state prison disciplinary codes on habeas review in a way that contradicts the interpretation of prison officials. *See Crawford v. Littlejohn*, 963 F.3d 681 (7th Cir. 2020) (State prison disciplinary board's determination that prison's trust fund policy prohibited payment by one offender to another offender's mother was an interpretation of state law that was not subject to review in a federal habeas proceeding). In the Report of Conduct, Analyst Worthman stated, "Offenders are not permitted to share their tablets to access another offender's phone list or have another make calls off of their tablet without prior authorization." Dkt. 8-1. The disciplinary hearing officer endorsed this interpretation by finding Mr. King guilty. Given the Seventh Circuit's guidance in *Crawford*, this is the beginning and the end of the analysis.

To the extent Mr. King argues he was unaware that Mr. Jordan had used his tablet, this argument asks the Court to reweigh the evidence, which it may not do. *See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 F.3d at 941). There is some evidence that Mr. King violated the Agreement, as interpreted by prison officials, and his request for relief on these grounds is **denied**.

### B. Severity of Punishment in Relation to Mr. Jordan

Ground two claims that Mr. King's sanction is disproportionately severe when compared with the sanction imposed on Mr. Jordan. Mr. King's credit-time sanction was 38 days, which is

well below the 90-day maximum for a Class B Offense.[1] "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Mr. King's 38-day loss of credit time does not meet this high standard, and his request for relief on this ground is **denied**.

### C. Loss of Visitation Privileges

Ground four claims that Mr. King has lost his visitation rights as a result of this disciplinary proceeding. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In the prison disciplinary context, in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

Mr. King's loss of visitation privileges does not place him "in custody" for purposes of 28 U.S.C. § 2254, and his request for relief on this ground is **denied**.

### IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

---

[1] *See* https://www.in.gov/idoc/files/02-04-101%20ADP%203-1-2020.pdf.

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. King to the relief he seeks. Accordingly, Mr. King's petition for a writ of habeas corpus must be **denied** and the action dismissed.

    **SO ORDERED**.

Date: 9/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SHELLEY KING
222043
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov